# 2006 DTA 66

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**
**PANEL VII**

MANUEL AUGUSTO COLÓN CABRERA, *ET AL.*
Peticionarios
v.

CARIBBEAN PETROLEUM CORPORATION, *ET AL.*
Demandados

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Recurrido

Núm. KLCE-05-00998

San Juan, Puerto Rico, a 28 de febrero de 2006

Panel integrado por su Presidente, el Juez Martínez Torres, el Juez Brau Ramírez y la Juez Fraticelli Torres

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparecen los demandantes-peticionarios, Manuel A. Colón Cabrera y Melba Correa Miranda, y nos solicitan que revisemos la resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, (Hon. Misael Ramos Torres, Juez). Mediante ella, se denegó una moción en la que los demandantes-peticionarios solicitaron que el Departamento de Justicia entregara los resultados de una investigación realizada a la demandada-recurrida, Caribbean Petroleum Corporation (en adelante, Gulf). El Departamento de Justicia compareció por escrito para oponerse.

Luego de examinar el expediente y analizar los escritos presentados por todas las partes, así como el correspondiente estudio del derecho vigente y pertinente al caso de marras, expedimos el auto de *certiorari* y revocamos la resolución emitida por el Tribunal de Primera Instancia.

### I

El demandante-peticionario, Sr. Colón Cabrera, suscribió un contrato de arrendamiento con la Gulf en 1991 sobre una estación de servicio de gasolina, propiedad suya. Varios años más tarde, el Sr. Colón Cabrera presentó demanda contra la Gulf por daños y perjuicios e incumplimiento de contrato. En su demanda alegó que la compañía Gulf discriminó en los precios de venta de gasolina al ofrecerle distintos precios a los diferentes compradores de gasolina, en violación a la Ley Núm. 77 de 25 de junio de 1964, conocida como Ley de Monopolios y Restricción del Comercio, 10 L.P.R.A. sec. 257 y ss. Además, la parte demandante-peticionaria alegó que ésto constituia incumplimiento de contrato.

Debido a que la Oficina de Asuntos Monopolísticos (OAM) del Departamento de Justicia de Puerto Rico había realizado una investigación sobre la industria de la gasolina, la parte demandante-peticionaria, Sr. Colón Cabrera, solicitó al Tribunal de Primera Instancia que le ordenara al Departamento de Justicia entregarle el producto de la investigación realizada por la OAM, referente a la Gulf, pues alegó que ésta era necesaria para la tramitación de su caso. Por su parte, el Departamento de Justicia se opuso a entregar la requerida información, porque, supuestamente, es confidencial por disposición del Artículo 15 de la Ley de Monopolios y Restricción del Comercio, *id.* sec. 271.

Después de varios trámites procesales, el tribunal *a quo* denegó la solicitud de la parte demandante-peticionaria, Colón Cabrera, para tener acceso a la investigación. Debido a lo anterior, el Sr. Colón Cabrera presentó una moción de reconsideración. Además, instó una moción para suplementar la moción de reconsideración, en la cual añadió información sobre una querella que el Estado Libre Asociado de Puerto Rico había incoado contra la compañía de gasolina Shell, alegadamente por las mismas violaciones que la parte demandante-peticionaria le imputa a la Gulf. (*E.L.A. v. Shell*, querella núm. JM 04-01).

El Tribunal de Primera Instancia acogió ambas mociones, aunque terminó denegándolas, luego de escuchar al Estado. Así pues, la parte demandante-peticionaria, Sr. Colón Cabrera, acude ante nos mediante recurso de *certiorari* y señala la comisión de varios errores.

Plantea, en síntesis, que se equivocó el Tribunal de Primera Instancia al resolver: (1) que es confidencial la información solicitada, según la Ley de Monopolios y Restricción del Comercio; (2) que la información es confidencial porque incluye secretos de negocios y planes estratégicos que podrían poner en riesgo los derechos

de terceros; (3) que la información es oficial a tenor con la Regla 31 de Evidencia, 32 L.P.R.A. Ap. IV, R. 31; (4) limitar el descubrimiento de prueba de la parte, ello en contra de las disposiciones de la Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.1; y (5) que la información recopilada es producto del trabajo de los abogados, por lo cual goza de confidencialidad.

Los otros errores señalados no ameritan discusión, en vista del resultado al que llegamos.

## II

La parte demandada-recurrida, Gulf, alega que la Ley de Monopolios y Restricción del Comercio establece la confidencialidad de la información conseguida mediante una investigación. Por esta razón, señalan que la información no debe ser divulgada.

El Artículo 15 de la Ley Núm. 77, *supra*, establece que *"...[l]a información obtenida en el uso de las facultades otorgadas en esta sección se mantendrá en estricta confidencialidad, excepto en tanto sea necesario usarla para fines de cualquier acción judicial por parte del Estado."*

Como se sabe, las etiquetas legislativas de confidencialidad deben evaluarse frente al derecho de acceso a la información invocado por el ciudadano, dada la estrecha correspondencia que existe entre la libre expresión y la libertad de información. *Angueira v. J.L.B.P.*, 150 D.P.R. 10, 23 (2000); *Soto v. Srio. de Justicia*, 112 D.P.R. 477, 485 (1982). Para que la participación ciudadana sea inteligente, tiene que haber un constante flujo de información, al igual que el acceso a ella, pues sólo así las personas pueden ejercer su derecho responsablemente. *Ibid.*

Sin embargo, este derecho de información no es absoluto; puede ser limitado por el Estado de existir intereses apremiantes que lo justifiquen. Como norma general, un reclamo de confidencialidad por el Estado sólo puede prosperar cuando éste pruebe de forma precisa e inequívoca cualquiera de las siguientes: (1) que una ley así lo declara; (2) que la comunicación está protegida por alguno de los privilegios evidenciarios que puedan invocar los ciudadanos; (3) que revelar la información puede lesionar derechos fundamentales de terceros; (4) que se trate de la identidad de un confidente; o (5) que sea información oficial conforme a la Regla 31 de Evidencia, *supra*. *Angueira v. J.L.B.P.*, *supra*, pág. 24; Véase, *Santiago v. Bobb*, 117 D.P.R. 153, 159 (1986).

Por eso, toda ley que pretenda ocultar información a un ciudadano bajo el palio de la confidencialidad, tiene que justificarse a plenitud y contener normas claras y precisas que permitan identificar adecuadamente el material y las circunstancias en que habrá de aplicarse la norma de accesibilidad. Ello se satisface si la regulación gubernamental: (1) cae dentro del poder constitucional del Estado; (2) propulsa un interés gubernamental importante o sustancial; (3) el interés gubernamental no está relacionado con la supresión de la libre expresión; y (4) la restricción concomitante del derecho a la libre expresión no es mayor que la esencial para propulsar dicho interés. *Angueira v. J.L.B.P.*, *supra*, 24-25.

Aquella legislación que no contenga estándares apropiados para determinar el tipo de documento e información que habrá de estar sujeta al escrutinio público y que, por el contrario, establezca una norma de confidencialidad absoluta, no puede superar el rigor de la cláusula constitucional que garantiza el derecho a la libre expresión. *Id.*; *Soto v. Srio. de Justicia, supra*, pág. 495.

Por otro lado, la tendencia en el ámbito del procedimiento civil es la de facilitar el descubrimiento de prueba para poder poner al juzgador en mejor posición para resolver las controversias que se le presenten. Dado lo anterior, el Tribunal Supremo ha expresado que un amplio y adecuado descubrimiento de prueba antes del juicio facilita la tramitación de los pleitos y evita los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. *Medina Morales v. Merk, Sharp & Dhome*, 135 D.P.R. 716, 730 (1994). Véase, además, *Sierra v. Tribunal*

*Superior*, 81 D.P.R. 554, 560 (1959).

Por ello se ha establecido que *"un amplio y liberal descubrimiento de prueba es `la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia´ que tanto mina la fe del pueblo en el sistema judicial."* *General Electric v. Concessionaires, Inc.*, 118 D.P.R. 32, 38 (1986); veáse, también, *Lluch v. España Service Sta.*, 117 D.P.R. 729, 743. Del mismo modo, el descubrimiento de prueba -bien utilizado- acelera los procedimientos, propicia las transacciones y evita sorpresas indeseables en el juicio. *Lluch v. España Service Sta., ibid.*

El amplio alcance del descubrimiento de prueba está bien establecido en la Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.1. Ésta limita el descubrimiento en dos aspectos solamente: (1) que la información solicitada no sea materia privilegiada; y (2) que ésta sea pertinente al asunto en controversia. *E.L. A. v. Casta Dev. S.E.*, Opinión de 25 de mayo de 2004, 162 D.P.R. ___ (2004), **2004 J.T.S. 82**; *Sierra v. Tribunal Superior, supra.*

Cuando la Regla 23.1 hace referencia a materia privilegiada, se trata de los privilegios reconocidos en las Reglas de Evidencia. La Regla 31 de Evidencia, *id.*, R. 31, dispone:

*"a) según usada en esta regla, "información oficial" significa información adquirida en confidencia por un funcionario o empleado público en el desempeño de su deber y que no ha sido oficialmente revelada ni está accesible al público hasta el momento en que se invoca el privilegio."*

A tales efectos, cuando ante un reclamo de acceso a información, el Estado levanta el privilegio de confidencialidad de información oficial, hay que precisar si la información fue adquirida en confidencia. Para ello, los tribunales considerarán el tipo de documento en cuestión, los trámites usuales de la agencia al recibir ese tipo de documento, e incluso, su contenido. *López Vives v. Policia de P.R.*, 118 D.P.R. 219, 233-234 (1987). Bajo esta óptica, se ha favorecido un análisis de la totalidad de las circunstancias que rodean la información, así como su propia naturaleza. Por consiguiente, el Estado tiene que demostrar la existencia de intereses apremiantes de mayor jerarquía que los valores protegidos por el derecho ciudadano a información. *Noriega v. Hernández Colón*, 130 D.P.R. 919, 938 (1992).

El Tribunal Supremo ha expresado que los tribunales deben ser cautelosos en conceder cualquier pedido de confidencialidad del Estado, quien deberá demostrar precisa e inequivocamente, la aplicabilidad de la excepción antes enunciada. En ese sentido, el Tribunal ha sido enfático al señalar que *"[h]oy día la secretividad en los asuntos públicos es excepción y no norma"*. *Santiago v. Bobb, supra.*

En estos casos, la función judicial radica en *"resolver si determinada información está cubierta por el manto de secretividad y, de estarlo, si ello es compatible con el ejercicio de derechos constitucionales protegidos."* *Soto v. Srio. de Justicia, supra*, 498.

Por otra parte, la Regla 30 de Evidencia, *supra*, R. 30, según enmendada, discute lo referente al secreto de negocios. Esta regla dispone:

*"Regla 30. Secretos del Negocio*

*El dueño de un secreto comercial o de negocio tiene el privilegio, que podrá ser invocado por él o por su agente o empleado, de rehusar divulgar y de impedir que otro lo divulgue, siempre que ello no tienda a encubrir un fraude o causar una injusticia. Si fuere ordenada su divulgación, el juez deberá tomar aquellas medidas que sean necesarias para proteger los intereses del dueño del secreto comercial, de las partes y de la justicia."*

El propósito de esta regla es proteger los llamados secretos comerciales o de negocio. Dicho privilegio, sin embargo, no es absoluto, sino que el texto de la regla contempla que el privilegio sea relajado para evitar la ocultación de fraude o para impedir una injusticia. Así pues, el tribunal puede limitar el alcance y los mecanismos de prueba a utilizarse.

No obstante, permitir la revelación del secreto de negocio va a depender de la consideración de varios factores, tales como el peligro de abuso, buena fe y efectividad de las medidas protectoras que puedan tomarse entre otros. Indudablemente, el tribunal tiene amplia discreción para regular el procedimiento, con miras a garantizar una solución rápida y económica del caso, sin ventajas para ninguna de las partes.

Como regla general, la materia a descubrir tiene que ser pertinente. El término pertinencia, para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *General Electric v. Concessionaries, Inc., supra*, 40. Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia. El mero hecho de alegar, sin evidencia, la existencia de un secreto de negocio, no es suficiente para que la prueba no sea descubierta.

### III

La legislación antimonopolística de Puerto Rico proviene o fue copiada principalmente de las leyes federales Sherman, Clayton, Robinson-Pattman y la ley que creó el Federal Trade Commission (FTC). A esos efectos, después de investigar la jurisprudencia y los tratados federales en busca de una interpretación sobre de la publicidad de información recopilada como parte de una investigación y de hacer una lectura del historial legislativo de la Ley de Monopolios de Puerto Rico, específicamente en torno al Artículo 15, *supra*, no encontramos medida que explique la razón de ser de la disposición de confidencialidad o las normas a seguir en su aplicación. De igual forma, no hemos hallado jurisprudencia que interprete la referida sección y las partes tampoco la han traído a nuestra atención. Por eso, al ser un planteamiento nuevo en cuanto a la interpretación del Artículo 15, *supra*, debemos analizar cómo se han interpretado disposiciones similares en relación a la confidencialidad de documentos oficiales.

Como hemos señalado, el pedido de confidencialidad por parte del Estado no puede ser concedido livianamente y es éste quien tiene que demostrar la existencia de intereses apremiantes de mayor jerarquía que los valores protegidos por el derecho de libertad de información de los ciudadanos. Igualmente, la parte que alega la confidencialidad no puede limitarse a aseverar que la información solicitada es privilegiada. Tiene que poner al tribunal en condiciones para entender su reclamo. En otras palabras, la alegación de confidencialidad tiene que estar bien fundamentada.

En este caso, el Departamento de Justicia creyó que la demandada-recurrida Gulf incurrió en una violación a la Ley de Monopolios. A raíz de ello, la OAM llevo a cabo una investigación. Aunque es cierto que el Artículo 15 de la mencionada Ley, *supra*, dispone que la información obtenida durante el transcurso de una investigación será confidencial, lo cierto es que para poder reclamar este derecho, tiene que haber un interés apremiante que supere el derecho a la información que ostenta el peticionario Colón Cabrera. No encontramos que la demandada-recurrida Gulf o el Estado le hayan demostrado al tribunal que el reclamo de confidencialidad debe estar por encima del derecho a la información.

El Estado alega, en primer lugar, que no puede divulgar la información porque una ley así lo declara. Como mencionamos anteriormente, todo reclamo de confidencialidad debe evaluarse frente al derecho de acceso a la información que puede tener un ciudadano. Asimismo, el tratar de ocultar información tiene que justificarse a plenitud, bajo normas y criterios firmemente establecidos. Aquella legislación que no contenga estándares apropiados y que, por el contrario, establezca una norma de confidencialidad absoluta tiene que demostrar un interés apremiante sobre el acceso a la información.

Dado todo lo anterior, no encontramos que la referida ley establezca los parámetros adecuados a seguir en un caso como éste, sino todo lo contrario; expone una norma absoluta de confidencialidad. Asimismo, el Estado no ha demostrado tener un interés apremiante válido para retener la información investigada, ni un interés gubernamental que proteger.

Por otro lado, Gulf y el Estado alegan que no pueden divulgar la información porque ésta contiene secretos de negocios. Como bien señala la Regla 30 de Evidencia, *supra*, el dueño de un secreto comercial o de negocio puede impedir que se divulgue información cuando no se vaya a ocultar fraude o causar una injusticia.

En el presente caso, la información solicitada no es un secreto comercial. En otras palabras, aquí el peticionario Colón Cabrera no está tratando de averiguar, por ejemplo, la fórmula de la gasolina de la Gulf, ni esta tratando de que le brinden información sobre estrategias o planes del negocio. Lo único que el demandante-peticionario solicita es que se entregue la información sobre la investigación realizada por la OAM para averiguar si de hecho hubo una irregularidad por parte de la gasolinera Gulf al momento de distribuir y cobrar la gasolina a los diferentes compradores. Sin esta información, el demandante-peticionario, Sr. Colón Cabrera, no puede ejercer su derecho de presentar toda la prueba en su caso, llegado su día en corte. La investigación realizada por la OAM es prueba necesaria que el demandante-peticionario necesita para la adecuada solución de su caso.

Asimismo, el planteamiento de que lo solicitado es información oficial privilegiada según la Regla 31 de Evidencia, *supra*, no puede prosperar. Como indica la mencionada regla, *"información oficial"* es aquella información adquirida en confidencia y que no ha sido revelada ni está accesible al público. No obstante, en el apéndice del recurso constan varios recortes de periódico que apuntan a qué parte de la investigación realizada fue divulgada al público. También se hizo referencia pública a la investigación. A raíz de ello, no puede prosperar un reclamo de confidencialidad, máxime cuando el público ha sido bombardeado con información sobre el asunto de la gasolina y las alegadas violaciones de ley que han cometido los distribuidores del líquido. En una industria tan regulada, dado que existe un alto interés público, el reclamo de confidencialidad absoluta no puede prosperar sobre el derecho a acceso a la información.

Debemos recordar que el Estado, específicamente la OAM, tiene la obligación de realizar investigaciones para proteger la libre competencia en el mercado cuando tenga la creencia de que cierta entidad no está cumpliendo con la ley. La persona que está solicitando la información en este caso, es una persona que alega que ha sido afectada precisamente por aquello que la ley antimonopolística trata de prohibir: que las compañías tengan un monopolio en el cual puedan controlar artificialmente el precio de las cosas y la oferta del producto. Por ende, no tiene sentido que el Estado trate de ocultar información de algo que ellos están obligados a denunciar y castigar.

Hay que tener presente, además, que el Estado presentó una querella contra otra compañía de gasolina por las mismas violaciones que le imputa el Sr. Colón Cabrera a la demandada-recurrida Gulf. De esta querella, -que está accesible al público-, se desprende información relacionada a la investigación que llevó el Estado imputándole a la Shell violación a la ley antimonopolística. No tiene sentido que esta información esté disponible al público, pero que el producto de la investigación realizada a Gulf no pueda ser divulgado.

Así pues, tomando la totalidad de las circunstancias del caso y aplicando la normativa jurisprudencial referente a las interpretaciones de estatutos que reclaman confidencialidad, concluimos que el reclamo del Estado y Gulf no puede superar el derecho a la información del cual gozan todos los ciudadanos.

Somos del criterio que el balance de intereses hace indispensable que el demandante-peticionario, Sr. Colón Cabrera, obtenga la información solicitada para poder ejercer su derecho a determinar la manera en que conducirá su caso y poder gozar de un descubrimiento de prueba efectivo.

Nuevamente reiteramos que el Estado no puso a este tribunal en posición de valorar la procedencia de su reclamo, ni demostró que la divulgación de la información que se solicita ponga en riesgo los derechos de terceros, los intereses del Gobierno o la seguridad pública, máxime cuando la investigación ya terminó. Todo lo contrario, ocultar la información requerida estaría salvaguardando únicamente los intereses privados de las corporaciones que distribuyen gasolina.

El derecho a la información y a la libre expresión es un derecho de orden constitucional que aunque no es absoluto, goza de gran supremacía en la escala de valores que se tratan de proteger. Al hacer un balance de intereses entre la confidencialidad versus el derecho a la información, este último debe prevalecer, si no se ha demostrado de forma precisa e inequívoca, la existencia de intereses apremiantes de mayor jerarquía que los valores protegidos por el derecho a la libertad de información, y que la prohibición de la divulgación de la información oficial no es más amplia de lo necesario para salvaguardar el interés apremiante del Estado. Una prohibición absoluta como la que nos ocupa, no cumple con este estándar.

Eso no significa, sin embargo, que la parte demandante-peticionaria tenga derecho a un acceso irrestricto a los informes del Departamento de Justicia sobre el tema. Tal acceso podría incidir sobre aspectos privilegiados de negocios de otras compañías que no tiene que ver con este pleito. Por eso, es indispensable que antes que se descubra la información oficial a los demandantes-peticionarios, el Tribunal de Primera Instancia la examine en cámara para asegurarse de la pertinencia de la información y que no se divulgue información privilegiada sobre otras compañías, la identidad de los informantes o técnicas de investigación criminal. Entendemos que con esta medida cautelar se armonizan todos los intereses involucrados aquí.

## IV

La Regla 23.1 (b) de Procedimiento Civil, *supra*, R. 23.1 (b), dispone la protección que se le brinda al trabajo del abogado o *"work product"*. Esta regla dispone que *"estarán fuera del alcance del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, del abogado o de cualquier otro representante de una parte."*

El producto de la labor del abogado o *"work product"* consiste de esa información que él ha reunido y las impresiones mentales, teorías legales y estrategias que él persigue o ha adoptado, derivadas de entrevistas, declaraciones, memorándum, correspondencia, resúmenes, investigaciones de hechos o de derecho, creencias personales y otros medios tangibles o intangibles. *Ades v. Zalman*, 115 D.P.R. 514, 525 (1984).

La Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 95, establece que esto también constituye el sumario fiscal. Entre las cosas que se incluyen están las declaraciones juradas, documentos e informes ligados a la fase investigativa, objetivos, métodos o técnicas investigativas especiales. No obstante, la normativa establece que es válido suponer que cierta información recopilada en el curso de una investigación criminal goza de la confianza de que no será divulgada, al menos hasta *culminar* la investigación y comenzarse el proceso acusatorio público en los tribunales (...). *Santiago v. Boob, supra*, págs. 163-164.

Asimismo, la jurisprudencia federal ha resuelto que los documentos producto del trabajo de un abogado se clasifican de varias formas. Dependiendo de dicha clasificación, será la protección que reciban. Si se trata de producto del trabajo esencial (*"core work product"*), es decir, impresiones mentales, conclusiones, opiniones, o teorías legales del abogado, las mismas están extremadamente protegidas del descubrimiento. Por otra parte, si se trata de producto del trabajo exterior del abogado (*"shell work product"*), es decir, documentos o cosas tangibles que se preparan como anticipación a un litigio, se le otorga un menor grado de protección frente a una solicitud de descubrimiento.

De igual forma, la alegación de que la información es confidencial por ser el producto del trabajo de los abogados es inmeritoria. Como expresamos, solamente la información que esté basada en las impresiones

mentales del abogado va a estar protegida del descubrimiento de prueba. Esto también aplica al sumario fiscal, pues se excluye del descubrimiento documentos e informes ligados a la fase investigativa que pongan innecesariamente en riesgo los resultados de una investigación *en curso*, la vida de informantes, confidentes y testigos, al igual la de los empleados del Estado o la seguridad pública. También excluye los objetivos, métodos o las técnicas investigativas.

En el presente caso, la información solicitada es el producto de la investigación realizada por la OAM. El informe producido como resultado de la investigación monopolística, no son las impresiones mentales, teorías legales y estrategias de los abogados que trabajan para el Departamento de Justicia. Por el contrario, una investigación se hace con el propósito de descubrir algo, de ampliar el conocimiento que se puede tener de una cosa en general. Esto sí es descubrible, pues las investigaciones se llevan a cabo generalmente con el propósito de averiguar algo para comunicárselo a alguien. Aquí se trata de un reporte oficial del Departamento de Justicia, públicamente discutido y divulgado, sobre una investigación que ya concluyó. Debido a que el informe no son los apuntes que contienen el producto mental de un abogado, el planteamiento de confidencialidad tampoco puede prosperar.

En *Ortiz v. Dir. Adm. de los Tribunales*, 152 D.P.R. 161, 183 (2000), se resolvió una disposición similar en la cual se estaba investigando un procedimiento disciplinario por la Oficina de Asuntos Legales de la OAT y en la cual se estaba reclamando la confidencialidad del expediente. El Tribunal Supremo expresó: *"Culminada la fase investigativa del procedimiento disciplinario en una determinación final, sea de causa probable o de archivo, cobra preeminencia el interés de la ciudadanía en fiscalizar el buen funcionamiento de los procedimientos disciplinarios (...)"*. Se resolvió en este caso que el derecho a la información de la ciudadanía iba por encima al reclamo de confidencialidad, pues ya la investigación había terminado. Ante una situación similar, no hay razón para reclamar la confidencialidad.

## V

Por todos los fundamentos antes expuestos, expedimos el auto de *certiorari* y revocamos la resolución dictada por el Tribunal de Primera Instancia. Se devuelve el caso para la continuación de los procedimientos, de forma compatible con lo aquí resuelto. El demandante-peticionario podrá tener acceso sólo a aquella información pertinente para la solución del caso contra la Gulf. En vista de ello, el tribunal *a quo* deberá tomar aquellas medidas necesarias para regular la información que estará accesible al Sr. Colón Cabrera.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones